IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| Plaintiff, | )   No. CR 10-3019[3]-TUC-DCB (CRP)<br>) |
| vs. | )   **REPORT AND RECOMMENDATION**<br>) |
| **RICARDO MENDEZ, JR.,** | )<br>) |
| Defendant. | )<br>) |
| | ) |

Defendant Mendez has two motions pending: a Motion to Suppress Seizure of Firearm (Doc. 32) and a Motion to Sever Defendant (Doc. 42).  The Court recommends that the Motion to Suppress be DENIED and the Motion to Sever be GRANTED in part.

In the Motion to Suppress, Defendant Mendez complains that his firearm has been unlawfully withheld by the Government.  On March 20, 2007, Defendants Mendez, Celaya and Rodriguez-Contreras went to Mad Dawg Global Marketing to purchase firearms.  Two transactions took place.  First, a purchase of 21 firearms was made in the name of Defendant Celaya.  Second, one firearm was purchased in the name of Defendant Mendez.  Defendant Mendez testified this weapon was purchased for his personal use.

Thereafter, in April of 2007, Defendant Mendez went to a Tucson nightclub with

1  Defendant Rodriguez-Contreras.  Defendant Mendez testified he took with him the
2  firearm that is the subject of Count Six of the Indictment and placed it under the seat of
3  the car the two men were traveling in.  Defendant Rodriguez-Contreras became involved
4  in a disturbance with a woman at the nightclub.  The police were called.

5  The police asked Defendant Rodriguez-Contreras for permission to search the car.
6  Defendant Rodriguez-Contreras granted permission and told the police there was a
7  firearm under the seat.  The police recovered the firearm.  Defendant Rodriguez-
8  Contreras was arrested.  Defendant Mendez was allowed to drive the car home.

9  At the scene of the arrest of Defendant Rodriguez-Contreras, Defendant Mendez
10 asked for the return of his firearm.  Over the next two years he continued to regularly and
11 persistently ask the Tucson Police Department and the Bureau of Alcohol, Tobacco and
12 Firearms for the return of his firearm.

13 Motion to Suppress

14 Defendant Mendez complains that the search of the vehicle was made without a
15 warrant.  However, the facts are undisputed that Defendant Rodriguez-Contreras gave
16 consent to search the vehicle, told police they would find the firearm and that Defendant
17 Rodriguez-Contreras was a prohibited possessor because of his illegal alien status.  Police
18 had consent to search and reasonably believed the firearm to be evidence of a crime.  The
19 seizure did not violate the Constitution.

20 What Defendant Mendez really seeks is relief under Federal Rule of Criminal
21 Procedure Rule 42 for the return of the firearm.  After the resolution of Count Six, such
22 relief may be appropriate.

23 Motion to Sever

24 Defendant Mendez is charged in 3 counts of the Indictment: Count One the
25 conspiracy count; Count Five related to the purchase of 21 firearms at Mad Dawg Global
26 Marketing on March 20, 2007; and Count Six, the Count related to the firearm purchased
27 in Defendant Mendez's name on March 20, 2007.  The firearm in Count Six is the firearm
28

- 2 -

1 that is the subject of the Motion to Suppress.

2     The Government opposes the Motion to Sever arguing there is too much
3 overlapping evidence. While that is no doubt true of Counts One and Five, Count Six is a
4 discreet transaction. Moreover, the facts related to the recovery of the firearm in April
5 will be critical to the determination of Count Six, but irrelevant to the Government's
6 presentation of the case on the other counts. In fact, if the premise to the conspiracy is
7 that firearms were purchased to be transported to Mexico, Defendant Mendez was
8 certainly not very diligent about that regarding the firearm seized at the nightclub.

9     Therefore, the Court recommends that Defendants Mendez and Rodriguez-
10 Contreras face trial on Count Six separately from the trial on all other counts.

11 **III.   RECOMMENDATION**

12     The Magistrate Judge recommends that the District Court, after its independent
13 review, DENY the Motion to Suppress (Doc. 32) and GRANT in part the Motion to Sever
14 (Doc. 42), severing Count Six for trial separate from the other counts in the case.

15     Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file
16 written objections within fourteen days of being served with a copy of the Report and
17 Recommendation. If objections are not timely filed, they may be deemed waived. The
18 parties are advised that any objections filed are to be identified with the following case
19 number: **cr-10-3019[3]-DCB**.

20     DATED this 1st day of April, 2011.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 3 -